## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Rielson Vinicius De Araujo-Almeida,** <br> **Petitioner,** <br><br> **v.** <br><br> **J.L. Jamison, John E. Rife, Markwayne Mullin, Todd Blanche, U.S. Department of Homeland Security, and Executive Office of Immigration Review,** <br> **Respondents.** | **CIVIL ACTION** <br><br><br><br> **NO.  26-3625** |

## O R D E R

**AND NOW**, this 2nd  day of June, 2026, upon consideration of Petitioner de Araujo-Almeida's Petition for Writ of Habeas Corpus (ECF No. 1), and the Government's opposition thereto (ECF No. 4), **IT IS HEREBY ORDERED** as follows:

1.  de Araujo-Almeida's Petition is **GRANTED**;[1]

2.  The Government shall **RELEASE** de Araujo-Almeida from custody immediately and certify compliance with the Court's Order by filing an entry on the docket no later than **12:00 p.m. ET on June 3, 2026**;

3.  The Government is temporarily enjoined from re-detaining de Araujo-Almeida for seven days following his release from custody;

4.  If the Government chooses to pursue re-detention of de Araujo-Almeida after that seven-day period, it must first provide him with a bond hearing pursuant to 8 U.S.C. § 1226(a); and,

5.  Pending the ordered bond hearing, the Government **SHALL NOT** remove, transfer, or otherwise facilitate the removal of de Araujo-Almeida from the Commonwealth of Pennsylvania.  If the Immigration Judge determines that de Araujo-Almeida is subject to

detention under 8 U.S.C. § 1226(a), the Government may request permission of the Court to move him. If unforeseen or emergency circumstances arise that require de Araujo-Almeida to be removed, any such request must include an explanation for the request as well as a proposed destination.

BY THE COURT:

**S/ WENDY BEETLESTONE**

**WENDY BEETLESTONE, C.J.**

---

[1] Petitioner Rielson Vinicius de Araujo-Almeida is a citizen of Brazil. According to his Petition, he entered the United States without inspection in May 2021. Meanwhile, his Form I-213—attached as an exhibit to the Government's opposition—reflects that he entered in May 2022, was detained near the border, and was subsequently released into the country. He has been living in Philadelphia ever since. On May 22, 2026, the Department of Homeland Security detained de Araujo-Almeida during a routine immigration check-in. He is being held at the Philadelphia Federal Detention Center pursuant 8 U.S.C. § 1225(b)(2)(A), a mandatory detention provision that denies him the right to a bond hearing.

In similar cases, where the parties made nearly identical arguments, this Court held that detaining individuals in de Araujo-Almeida's position without a bond hearing violates the Immigration and Nationality Act (INA), 8 U.S.C. § 1101 *et seq. See, e.g.*, *Rio Porras v. O'Neill*, 2025 WL 3708900 at *2-3 (E.D. Pa. Dec. 22, 2025) (citing *Ndiaye v. Jamison*, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025); *Karashnov v. Jamison*, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); and *Demirel v. Fed. Det. Ctr. Phila.*, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025)). Likewise, the Court has previously rejected the Government's argument that noncitizens like de Araujo-Almeida are persons "seeking admission" who are subject to 8 U.S.C. § 1225(b)(2)(A)'s mandatory detention provision. *See, e.g.*, *Peixoto v. Jamison*, 2:26-cv-967, Dkt. No. 5, n.i (E.D. Pa. Feb. 20, 2026); *Castaneda Salinas v. Jamison, et al.*, 2:26-cv-1345, Dkt. No. 7, n.1 (E.D. Pa. Mar. 5, 2026); *Tukhtaev v. Jamison*, 2:26-cv-01969, Dkt. No. 8, n.i (E.D. Pa. Mar. 31, 2026). The same reasoning applies here.

Thus, because the Government lacks a legal basis for detaining de Araujo-Almeida pending resolution of removal proceedings, he must be released immediately. It is unnecessary to reach his alternative grounds for relief given he is entitled to release under his INA claim.